## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>WILLIAM A. LIPP,<br><br>      Debtor. | Chapter 7<br>Case No. 07-43490-HJB |
| DAVID M. NICKLESS,<br>CHAPTER 7 TRUSTEE,<br><br>      Plaintiff,<br><br>v.<br><br>WILLIAM A. LIPP, INDIVIDUALLY<br>AND AS TRUSTEE OF THE<br>IDLEWILD REALTY TRUST,<br><br>      Defendant. | Adversary Proceeding<br>No. 08-4056 |

### **MEMORANDUM OF DECISION**

Before this Court is a complaint (the "Complaint") filed by David M. Nickless (the "Trustee") as Chapter 7 trustee of William A. Lipp (the "Debtor"). In Counts I through V, the Trustee seeks a denial of the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(3), (a)(4)(D), (a)(6)(A), (d)(2) and (d)(3), respectively.[1] In Count VI of the complaint, entitled "Quiet Title," the Trustee asks that the Court enter an order "vesting title to 54 Valley Road, Tewksbury, Massachusetts" in the Trustee. Count VI further requests the Court to grant

---

[1] Unless otherwise stated, all statutory references are to Title 11 of the United States Code (the "Bankruptcy Code" or the "Code"), 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

1

the Trustee "full possession, occupancy and title of the [property] free of any continued claim of Idlewild Realty Trust and its beneficiaries . . . ."

I. <u>FACTS AND TRAVEL OF THE CASE</u>

The Trustee filed the Complaint on April 9, 2008 and the Debtor filed a timely answer on May 8, 2008. The case then traversed the normal procedural course – the preliminary pre-trial order was issued; the pre-trial conference was held; the second pre- trial order was issued;[2] the trial date was set; and the parties' pre-trial stipulation (the "PTS") was timely filed.

The PTS provided a substantial response to the required statement: "The following facts are admitted and require no proof." However, the Court was surprised to find the response "None" to the statement: "The following issues of fact, and no others, remain to

---

[2] The Second Pre-trial Order, which, *inter alia*, set the trial for December 10, 2008, provided in relevant part as follows:

> Attorneys for the parties shall confer <u>in person</u> (and not solely by telephone or in writing) and prepare a written Joint Pre-Trial Statement ("PTS") to be filed with the Court not less than two (2) court days prior to the date of the trial. The PTS shall include the following statements in the following order:
>
> A.  "The following facts are admitted and require no proof:" (set forth a concise statement of each);
>
> B.  "The following issues of fact, and no others, remain to be litigated:" (set forth a concise statement of each);
>
> C.  "The following issues of law, and no others, remain to be litigated:" (set forth a concise statement of each);
> . . . .
>
> G.  "The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this Joint Pre-Trial Statement shall supersede the pleadings and govern the course of the trial of this cause."

2

be litigated." Disinclined either to have the issues decided on technical grounds if the parties intended otherwise or to continue with a trial if no factual issues were in dispute, the Court entered the following order:

> THE CONTENT OF THE PARTIES' JOINT PRE-TRIAL STATEMENT, WHICH STIPULATED THE ABSENCE OF ANY UNDISPUTED ISSUES OF FACT, RAISES SUBSTANTIAL UNCERTAINTY ABOUT WHAT THE PARTIES INTEND. ACCORDINGLY, THE TRIAL DATE SET FOR DECEMBER 10, 2008 IS CANCELLED, AND THE MATTER IS CONTINUED TO A NON-EVIDENTIARY HEARING ON JANUARY 14, 2009 AT 11:00AM IN WORCESTER.

At the non-evidentiary hearing, the Court pressed counsel for the parties as to their intention. The Trustee stood firm. He was content to rely on the facts admitted in the PTS. Counsel to the Debtor appeared less certain. He indicated that he would prefer to amend the PTS, presumably to identify disputed issues of fact. Accordingly, the Court entered the following order on January 14, 2009:

> THE PRE-TRIAL STATEMENT SHALL BE AMENDED ON OR BEFORE JANUARY 23, 2009, AND A TRIAL DATE THEN REASSIGNED.

However, on January 26, 2009, the Debtor moved for reconsideration of the January 14 order, stating that, upon further reflection, the Debtor had decided not to amend the PTS. The Court granted the motion and took the matter under advisement.

The parties have therefore submitted this case for resolution on factual findings and exhibits[3] to which they have both agreed (the "Agreed Facts"). In keeping with the procedural posture taken by the parties incident to the litigation, the Court makes no factual

---

[3] In the PTS, the parties identified several documents that "may be admitted into evidence." At the January 14, 2009 hearing, those exhibits were given to the Court in anticipation of a rescheduled trial, and the parties reiterated their agreement that the documents should be admitted.

3

findings, but determines only whether the Agreed Facts are sufficient to satisfy the Trustee's burden of proof on his various claims.

### A.     The Admitted Facts and Exhibits in the Pre-trial Statement

The facts to which the Trustee and the Debtor admitted are set forth in the PTS as follows:

1. On January 31, 1985, William A. Lipp ("Lipp" or "the Defendant") executed a Declaration of Trust granting to and creating the Idlewild Realty Trust ("the Trust") naming Lipp as Trustee and naming Lipp, William J. Lipp, and Dawn M. Lipp in the Schedule of Beneficiaries with a beneficial interest as joint tenants.

2. Lipp is the Settlor of the Trust.

3. Real estate located at 54 Valley Road, Tewksbury, MA (the Property) is the res of the Idlewild Realty Trust and is an asset of the bankruptcy estate.

4. The Declaration of Trust had not been terminated petition by Lipp [sic] at the time of the filing of the bankruptcy on September 19, 2007.

5. Lipp did not list the Property owned by the Trust in his bankruptcy petition.

6. Lipp did not list his interest in the Trust in his bankruptcy petition.

7. Lipp did not list his position as Trustee of the Trust in his bankruptcy petition.

4

8. At the meeting of creditors, the Defendant disclosed the Trust to the Trustee.

9. Lipp executed a Declaration of Homestead on September 13, 2007 for the real estate located at 54 Valley Road, Tewksbury, MA.

10. On or about November 6, 2007 David M. Nickless ("the Trustee") filed with this Court a Notice of Intention to Alter, Amend, and Revoke Terms and Conditions of Idlewild Realty Trust, revoking a spendthrift clause, naming the Trustee as sole beneficiary, and terminating the Trust (hereinafter "Trustee's Notice").

11. On or about November 21, 2007, Lipp filed an objection to the Trustee's Notice.

12. On or about December 12, 2007, this Court overruled the Defendant's objection to the Trustee's Notice.

13. On or about January 22, 2008, the Trustee filed a motion with this Court for leave to conduct a 2004 Examination and Order Directing the Production of Documents in order to investigate the activities of the Trust over the course of its existence and learn of any assets still owned by the Trust.

14. On or about January 28, 2008, a letter was sent to counsel for the Defendant, Thomas F. Fleming (hereinafter "Fleming") of Lowell, Massachusetts, regarding the requested documents listed as Exhibit A to the Motion For Leave to Conduct Rule 2004 Examination of Lipp attached hereto as Exhibit D is a true copy of said letter.

15. On or about February 6, 2008, this Court granted the motion, setting a deadline for the Defendant to produce the requested documents by February 20, 2008.

16. On February 20, 2008, the Trustee received no communications or documents from the Defendant.

17. On February 21, 2008, a letter was sent to Lipp, through Fleming, via facsimile and first class mail, requesting a conference pursuant to MLBR 7037-1(b).

18. On February 26, 2008, a letter was sent to Lipp, through Fleming, via facsimile as a follow up to previous messages as a further request to confer pursuant Rule 7037 to resolve discovery disputes.

19. Also on February 26, 2008, a letter was sent to Lipp, through Fleming, via facsimile requesting a copy of the Certificate of Title No. 26368 regarding the registered Property at 54 Valley Road in Tewksbury, Massachusetts.

20. From February 21, 2008 through March 3, 2008, the Trustee tried to contact the Defendant, through counsel Fleming, through numerous attempts telephonically, via facsimile and through the U.S. Postal Service regarding the status of the requested documents and the [sic] Lipp's appearance at the requested Rule 2004 Examination.

21. The Defendant failed to respond and failed or refused to provide the Trustee the requested information concerning the Trust as required by Order of this Court.

22. On March 6, 2008, the Trustee filed a motion to compel production of the requested documents and to appear at a Rule 2004 Examination.

23. On April 18, 2008, in response to Trustee's motion to compel and for sanctions, the Defendant was ordered by the Court to produce the documents previously due by February 20, 2008.

Pursuant to the PTS, the following documents, by agreement of the parties, "may be admitted into evidence":

1. The Defendant's bankruptcy petition, schedules, and statement of financial affairs

2. The Trustee's First Request For Admissions

3. The Declaration of the Idlewild Realty Trust executed by the Defendant William A. Lipp

4. The Declaration of Homestead executed by the Defendant William A. Lipp for 54 Valley Road, Tewksbury, MA

5. The Trustee's Notice of Intention to Alter, Amend, and Revoke Terms and Conditions of Idlewild Realty Trust, revoking a spendthrift clause, naming the Trustee as sole beneficiary, and terminating the Trust

6. Transfer Certificate of Title with schedule of encumbrances (Deposition Exhibit #4)

7. Board of Appeals documents (Deposition Exhibit # 5)

8. 2006 Form 1040EZ (Deposition Exhibit 11) for the Defendant.

9. Order of Court overruling Lipp's objection to the Trustee's Notice of Intention to Alter, Amend, and Revoke Terms and Conditions of Idlewild Realty Trust (Main Case Docket paper #31)

II.  DISCUSSION

If all the elements of any of the various § 727 counts are established by the Agreed Facts, the Debtor's discharge must be denied; conversely, the Court must grant a Chapter 7 discharge to the Debtor if the Agreed Facts fail to establish all elements of at least one § 727 claim raised by the Trustee. The Court is similarly limited in its consideration of the Trustee's request that the Court order that title to the real property located at 54 Valley Road, Tewsbury, Massachusetts (the "Real Property") is exclusively vested in him with full authority to liquidate that asset.

### A. 11 U.S.C. § 727(a)(3)

Section 727(a)(3) provides:

(a) The court shall grant the debtor a discharge, unless –

> . . . .
>
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case . . . .

11 U.S.C. § 727(a)(3).

The Agreed Facts reflect that the Trustee repeatedly requested the Debtor to produce certain records and that the Debtor failed to do so. Presumably, the Trustee would

have the Court infer that: (1) the requested documents, the subject of his investigation, must have been in the custody or control of the Debtor and (2) the documents were therefore concealed because they have not been produced.  But these inferences, as well as the concept of concealment itself, require first that the documents actually exist.  <u>See, e.g.</u>, <u>Black's Law Dictionary</u> 261 (5th ed. 1979) (defining "concealment" as "[t]o hide, secrete, or withhold from the knowledge of others.  To withdraw from observation; to withhold from utterance or declaration; to cover or keep from sight, or prevent discovery of.").  But there is no agreement in the PTS as to which of the documents, if any, sought by the Trustee actually existed and therefore could be, and were, concealed.[4]

It is the Trustee's burden to prove the necessary § 727(a)(3) elements by a preponderance of the evidence.  <u>In re Ridley</u>, 115 B.R. 731, 733 (Bankr. D. Mass. 1990).  He has failed to meet that burden here.

**B.    11 U.S.C. § 727 (a)(4)(D)**

Section 727(a)(4)(D) provides:

> (a) The court shall grant the debtor a discharge, unless –
> . . . .
>
> (4) the debtor *knowingly and fraudulently*, in or in connection with the case –
> . . . .
>
>> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs . . . .

11 U.S.C. § 727(a)(4)(D) (emphasis supplied).

---

[4] Furthermore, there is no basis in the Agreed Facts for a finding that relevant documents were destroyed or mutilated, nor is there any identification of documents which should have been kept or preserved but were not.

9

Here, denial of the Debtor's discharge under § 727(a)(4)(D) turns on a single factor – intent. Intent is the foundation of an action which is "knowing and fraudulent." See In re Boutiette, 168 B.R. 474, 482-83 (Bankr. D. Mass. 1992) (citing In re Ridley, 115 B.R. at 737); In re Diodati, 9 B.R. 804, 808 (Bankr. D. Mass. 1981). Nowhere in the Agreed Facts does the Debtor concede his *intention* relative to those actions the Trustee complains of. Accordingly, nothing in the Agreed Facts justifies a finding that the debtor acted "knowingly and fraudulently." The Trustee has not carried his burden under § 727(a)(4)(D) by a preponderance of the evidence.

### C.    11 U.S.C. § 727(a)(6)(A)

Section 727(a)(6)(A) provides:

(a) The court shall grant the debtor a discharge, unless –
> . . . .
>
>> (6) the debtor has refused, in the case –
>>
>>> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify . . . .

11 U.S.C. § 727(a)(6)(A).

Courts are not in agreement as to whether denial of discharge can be established under § 727(a)(6)(A) without a specific finding that the debtor intended to refuse to obey the subject order. Compare, e.g., In re Magack, 247 B.R. 406 (Bankr. N.D. Ohio 1999), with In re Tougas, 354 B.R. 572 (Bankr. D. Mass. 2006). In a recent case from this district, In re Tougas, Judge Feeney held that the use of the word "refuse" in § 727(a)(6)(A) necessitates a finding that the debtor acted willfully and intentionally, reasoning:

> The Bankruptcy Code does not define "refused" or "refusal." As the court noted in Gillman v. Green (In re Green), 335 B.R. 181 (Bankr. D. Utah 2005), "[w]here a term is not give a special definition in a statute, courts must interpret statutes according to their clear and ordinary meaning." Id. at 183

10

> (*citing* Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000)). "Refuse" is defined in Black's Law Dictionary as follows:
>
>> To deny, decline, reject. "Fail" is distinguishable from "refuse" in that "refuse" involves an act of the will, while "fail" may be an act of inevitable necessity.
>
> Black's Law Dictionary 1153 (5th ed.1979) (citing Maestas v. Amer. Metal Co. of New Mexico, 37 N.M. 203, 20 P.2d 924, 928 (1933)).
>
> The import of this definition is that § 727(a)(6)(A) requires a plaintiff to show more than a mere failure to obey a lawful court order. The plaintiff must show some degree of volition or wilfulness on the part of the debtor in failing to comply with the order. 335 B.R. at 184.

In re Tougas, 354 B.R. at 578.[5]

This Court agrees with Judge Feeney and holds that a demonstration of the debtor's intent is a necessary element of § 727(a)(6)(A). Here, the Agreed Facts do not speak to the Debtor's intent, with the exception of Paragraph 21, where the Trustee claims that the Debtor "failed *or* refused" to comply with this Court's order that documents be produced. But "failure" is not enough to establish the necessary § 727(a)(6)(A) requirement. And the only facts this Court may consider establish that the Debtor's non-production of documents was as likely the result of his "failure" as it was his ""refusal." Therefore, the Trustee has failed establish the requisite elements of § 727(a)(6)(A) by a preponderance of the evidence.

### D.    11 U.S.C. § 727(d)(2) and (3)

Sections 727(d)(2) and (3) provide:

---

[5] *Contra*, In re Magack, 247 B.R. at 410 (" . . . had Congress wanted to require a willful or intentional standard under § 727(a)(6)(A) it could have easily drafted the statute to have so provided").

11

>(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall *revoke a discharge granted* under subsection (a) of this section if –
>
>   . . . .
>
>   (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; [or]
>
>   (3) the debtor committed an act specified in subsection (a)(6) of this section . . . .

11 U.S.C. §§ 727(d)(2), (3) (emphasis supplied).

Sections 727(d)(2) and (3) are by their terms inapplicable here. Both subsections relate only to the revocation of a discharge. Since the Debtor has not yet received a discharge, §§ 727(d)(2) and (3) do not apply.

### E.   The Trustee's Request to Quiet Title

Finally, the Trustee asks for a determination that title to the Real Property has vested in him. The Agreed Facts reflect that the settlor (*viz.*, the Debtor), is also the sole trustee and one of three beneficiaries under the Idlewild Realty Trust, which owned the Real Property at the time the bankruptcy case was filed. The Declaration of Trust provides that the trustee (*viz.*, the Debtor) has the the power to alter, revoke, and amend the Trust. Exhibit 3. The Trustee has previously filed a "Notice of Intention to Alter, Amend, and Revoke Terms and conditions of Idlewild Realty Trust" (the "Notice"). Exhibit 5.[6] The Debtor objected to the Notice, the Court overruled the objection, and that order has become final.

---

[6] Attached to the Notice was the "Alteration, Amendment and Revocation of Trust Terms and Conditions," executed by the Trustee in order to exercise his intention. Exhibit 5.

Presumably, the Trustee has concluded that it would be beneficial to have a more formal adjudication of the Trustee's rights in the context of an adversary proceeding.[7] Without deciding that such a step is necessary, the Court is willing to accommodate. It is clear, as a matter of law, that by virtue of the revocation provisions in the Declaration of Trust, the Trustee may revoke its terms, bring the Real Property into the estate, and liquidate the property on behalf of creditors. See Marrama v. DeGiacomo (In re Marrama), 316 B.R. 418 (1st Cir. B.A.P. 2004); Beatrice v. Braunstein (In re Beatrice), 296 B.R. 576 (1st Cir. B.A.P. 2003); Riley v. Tougas (In re Tougas), 338 B.R. 164 (Bankr. D. Mass. 2006).

III.   CONCLUSION

Under the self-limiting presentation of the evidence, the Trustee has failed to establish, by a preponderance of the evidence, that the Debtor should be denied his discharge. Accordingly, judgment in favor of the Debtor will enter on Counts I through V, and the Court will enter the Debtor's discharge under Chapter 7 of the Bankruptcy Code. As for Count VI, the Court will, as part of its Judgment, declare that by virtue of the revocation provisions in the Declaration of Trust, the Trustee has, or will have upon recording of the Notice in the registry of deeds, revoked its terms and brought the Real

---

[7] Federal Rule of Bankruptcy Procedure 7001 provides in relevant part:

An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:
. . . .
    (2) a proceeding to determine the validity, priority, or extent of a lien or *other* interest in property . . . .

Fed. R. Bankr. P. 7001(2) (emphasis supplied).

Property into the bankruptcy estate, free of the claims of the Idlewild Realty Trust or any of its beneficiaries.

DATED: July 6, 2009

Henry J. Boroff
United States Bankruptcy Judge